UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA TALVESKI,<br><br>        Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>        Defendant. | Case No. 13-cv-297-L(JMA)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* [DOC. 2], AND**<br><br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE** |

On February 5, 2013, Plaintiff Anita Talveski commenced this action against Defendant Regents of the University of California for alleged disability discrimination in violation of the Americans with Disabilities Act, the Rehabilitation Act, and other related California statutes. On the same day, she filed a motion seeking leave to proceed *in forma pauperis* ("IFP"). (Doc. 2.) For the reasons outlined below, the Court **DENIES** Plaintiff's IFP motion.

The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed *in forma pauperis. Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). To satisfy

the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.  At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares  v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family).  Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelley*, No. C-91-1635-VFW, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement).  In addition, the facts as to the applicant's poverty must be stated "with some  particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff's application is incomplete and thus it fails to meet the requirements in 28 U.S.C. § 1915 for IFP status.  Plaintiff is currently unemployed and receiving $150 "most of the time to make ends meet" from her parents.  (IFP Mot. at ¶ 1–2 [Doc. 2].)   No other sources of income are listed.  Other than the $32 she has in a bank account, Plaintiff states that she owns no other property of value. (*Id.* ¶ 4.)  The last time Plaintiff was employed was in 2002 when she earned $10 per hour, which amounted to $1200 per year, and the last time she filed an income tax return was in 1999, where listed her income as $8000.  Finally, Plaintiff is disabled, suffering from bi-polar

disorder, which is the product of a "traumatic brain injury early in life." (Compl. ¶ 5.) In her complaint, Plaintiff alleges that she "receives disability benefits from the State of California" and is "a disabled individual within the meaning of the Americans With Disabilities Act ("ADA")." (*Id.*) However, Plaintiff does not list her disability benefits on her IFP application. Additionally, she also fails to list any expenses or financial liabilities. Without more detailed information, the Court cannot conclude that paying the court filing fees would impair Plaintiff's ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

Accordingly, the Court **DENIES** Plaintiff's application to proceed *in forma pauperis* (Doc. 3), and **DISMISSES WITHOUT PREJUDICE** the complaint. Pursuant to this order, Plaintiff is granted 60 days' leave to pay the filing fee required to maintain this action pursuant to 28 U.S.C. § 1914, or to submit additional documentation regarding her financial status. **IF PLAINTIFF CHOOSES TO FILE ADDITIONAL INFORMATION REGARDING HER POVERTY, SHE MUST ATTACH A COPY OF THIS ORDER.** Additionally, the Court notes that the IFP application that Plaintiff submitted is from the Central District of California. Plaintiff should submit the IFP application from the Southern District of California, which can be found on the district's website under "Attorney Assistance/Forms." Plaintiff is reminded that an IFP application is made under penalty of perjury, and any false statements may result in dismissal of her claims, imprisonment of not more than five years, or a fine. *See* 18 U.S.C. §§ 1621, 3571.

**IT IS SO ORDERED.**


DATED: February 6, 2013

                                                                                    _____
                                                                                    M. James Lorenz
                                                                                    United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL